**James DEXTER, Plaintiff–Appellant,**

v.

**GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, Defendant–Appellee.**

No. 00–3330.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.[*]

*ORDER*

James Dexter, represented by counsel, appeals a district court judgment granting judgment as a matter of law to the defendant, and dismissing Dexter's complaint construed to be filed pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 and state law. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Dexter sued the Greater Cleveland Regional Transit Authority (GCRTA), claiming that: 1) the defendant had discriminated against him on the basis of his age; and 2) the defendant's conduct subjected him to emotional distress. Dexter, then age 62, submitted an application for employment with GCRTA for a position as a part-time bus operator. Initially, the GCRTA informed Dexter that he was no longer being considered for the position because his score was too low in the area of customer service. Thereafter, Dexter wrote a letter to the GCRTA detailing his

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

customer service experience, and he was reinstated into the hiring process. However, he was not offered a position of employment. Upon review, the district court granted GCRTA's motion for summary judgment as to Dexter's second claim, but denied the motion as to the age discrimination claim. The case then proceeded to trial. At the close of Dexter's case, the court granted GCRTA's motion for judgment as a matter of law.

Dexter has filed a timely appeal, reasserting his age discrimination claim. He also argues that: 1) the trial judge acted "ultra vires" when he concluded that, to the extent that GCRTA's removal of Dexter's application from the screening process constituted an act of discrimination, the discrimination had been cured; 2) the trial judge improperly relied on information not introduced into evidence; 3) the trial court's judgment "is a nullity" because the court did not recite the law and facts upon which it relied; 4) the trial court did not follow the controlling law; 5) the ADEA is remedial in nature and must be liberally construed; 6) the trial judge improperly failed to inform Dexter of any deficiencies in his evidence or to permit him to correct deficiencies prior to rendering its decision; 7) the trial court's April 8, 1999, order precluded GCRTA from objecting to all exhibits timely submitted by Dexter; 8) Dexter set forth a prima facie case of age discrimination.

Initially, we note that Dexter does not raise on appeal his second claim. As he has not argued this issue on appeal, it is considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

■ Upon review, we conclude that the district court properly granted GCRTA's motion for judgment as a matter of law on Dexter's age discrimination claim. This court reviews de novo a district court's grant of judgment as a matter of law under Fed.R.Civ.P. 50(a). *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). Dexter did not present sufficient evidence to raise a material issue of fact for the jury on his age discrimination claim, because he did not establish a prima facie case of age discrimination. Although Dexter established he was 62 years of age at the time he filed his application with GCRTA and he was not offered a position with GCRTA, he did not establish that he was otherwise qualified for the position, or that the successful applicants were substantially younger than him. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir.1999).

■ On appeal, Dexter argues that the court improperly relied on a document that was not introduced into evidence when the court concluded that Dexter was not qualified for the bus driver position. The document purportedly establishes that Dexter's application ranked him as thirty-eight of all applicants. The transcript establishes that Dexter's own counsel questioned him about the document on direct examination, but did not formally introduce the document. Any error in this regard lay with counsel for questioning Dexter concerning a document which he did not intend to introduce into evidence. Moreover, even without consideration of the document indicating Dexter's rank, Dexter did not meet his burden of establishing that he was qualified for the position. Although Dexter testified that he had driven a school bus for the city of Cleveland for five years, and that he had no accidents or moving violations in over thirty-five years, he did not establish that he was either as qualified or more qualified for the part-time bus operator position than the thirteen applicants who actually received job offers.

Dexter's remaining arguments on appeal lack merit. As stated above, there simply

was no evidence that GCRTA's initial removal of Dexter's application from the screening process constituted an act of discrimination. Although Dexter argues that the trial court's judgment "is a nullity" because the court did not recite the law and facts upon which it relied, Fed. R.Civ.P. 50 only requires that the movant specify the law and facts upon which the motion is based. The defendant's motion met this burden. There is nothing in the record that even remotely suggests that the trial court did not follow the controlling law in this matter. Dexter correctly argues that the ADEA is remedial in nature and must be liberally construed. However, he did not establish that the court did not comply with this mandate. Indeed, the district court initially denied GCRTA's motion for summary judgment on Dexter's age discrimination claim. A review of the transcript clearly reflects that Dexter had the opportunity to correct any deficiencies in his evidence when he responded to GCRTA's motion for judgment as a matter of law, prior to the court rendering its decision. Dexter appears to argue the defendant objected to Dexter's exhibits in contravention of the trial court's April 8, 1999, order. However, Dexter has not established how he was prejudiced by any of GCRTA's objections.

Accordingly, we affirm the district court's judgment.